UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOLOMON ABATE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DELTA AIR LINES, INC.,<br><br>　　　　Defendant. | Case No. 5:14-cv-03600-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 36 |

　　　　Plaintiff Solomon Abate ("Plaintiff") was hired by Defendant Delta Airlines ("Delta") in 2005 as an Aviation Maintenance Technician ("AMT") and began working at San Francisco International Airport ("SFO") on May 1, 2009. He was terminated by Delta three years later on May 31, 2012.

　　　　Plaintiff initiated the instant wrongful termination action against Delta in Santa Clara County Superior Court on February 7, 2014. According to the Complaint, Plaintiff believes that certain Delta employees subjected him to discrimination based on race and national origin, and retaliated against him for engaging in legally protected activity. Delta removed the action to this court because Plaintiff contends that Delta violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, et seq.

　　　　Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. Presently before the court is Delta's Motion for Summary Judgment. See Docket Item No. 36. This motion is unopposed.[1]

---

[1] Plaintiff has a notable history of failing to prosecute this case. Indeed, the court issued two prior orders requiring Plaintiff to show cause why he failed to comply with case management deadlines. See Docket Item Nos. 19, 29.

1

Case No.: 5:14-cv-03600-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Having carefully reviewed the record, the court finds, concludes and orders as follows:

1.  A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this initial burden, the burden then shifts to the non-moving party to go beyond the pleadings and designate specific materials in the record to show that there is a genuinely disputed fact. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

However, the mere suggestion that facts are in controversy, as well as conclusory or speculative testimony in affidavits and moving papers, is not sufficient to defeat summary judgment. See Thornhill Publ'g Co. v. GTE Corp., 594 F.2d 730, 738 (9th Cir.1979). Instead, the non-moving party must come forward with admissible evidence to satisfy the burden. Fed. R. Civ. P. 56(c); see Hal Roach Studios, Inc. v. Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir.1989). A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); Barlow v. Ground, 943 F.2d 1132, 1134–36 (9th Cir. 1991). Conversely, summary judgment must be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

2.  Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race,

color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "In responding to a summary judgment motion in a Title VII disparate treatment case, a plaintiff may produce direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated the defendant's decision, or alternatively may establish a prima facie case under the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)." Dominguez-Curry v. Nev. Transp. Dep't, 424 F.3d 1027, 1037 (9th Cir. 2005).

In order to establish a prima facie case of disparate treatment, a plaintiff must show that: (1) he belongs to a protected class; (2) he performed his job satisfactorily; (3) he was subject to an adverse employment action; and (4) similarly-situated individuals outside his protected class were treated more favorably. See id.

3. To state a prima facie case of retaliation, Plaintiff must show (1) he engaged in a protected activity, (2) he was subject to an adverse employment action; and (3) a causal link between the two exists. Brooks v. City of San Mateo, 229 F.3d 917, 928 (9th Cir. 2000). If Plaintiff meets this burden, Defendant must put forth a legitimate, non-discriminatory reason for the adverse employment action. Id. If that is accomplished, Plaintiff must then show that the stated reason is pretext. Id.

4. At summary judgment, the degree of proof necessary to establish a prima facie case is "minimal and does not even need to rise to the level of a preponderance of the evidence." Id. But failure to establish any essential element of the case is grounds for summary judgment. Celotex, 477 U.S. at 322. Since it is plaintiff's burden to demonstrate a prima facie case, defendant need only show that there is "an absence of evidence to support [plaintiff's] case." Id. at 323.

If plaintiff satisfactorily demonstrates a prima facie case, the burden shifts to defendant to articulate a legitimate, nondiscriminatory reason for its conduct. Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248 (1981). If defendant can do so, the burden then shifts back to plaintiff to show that the reason is a pretext for discrimination. Id.

5. By failing to respond to Delta's motion for summary judgment, Plaintiff has not met his burden to establish a prima face case of discrimination based on race or national origin.

1   Although it may be true, as Plaintiff alleges, that (1) he belongs to a protected class because he is
2   black and from Ethiopia, and (2) was subjected to an adverse employment action because he was
3   placed on probation and ultimately terminated as an AMT at SFO, Plaintiff has not produced any
4   evidence to show that he was performing his job satisfactorily or that other similarly-situated
5   individuals outside of his protected class were treated more favorably.  The allusions to
6   differential treatment and the conclusory allegations of discrimination described in the documents
7   attached to the Complaint are not enough to establish these elements of a prima facie case.  See
8   Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005) (holding "conclusory
9   statements of bias do not carry the nonmoving party's burden in opposition to a motion for
10  summary judgment"); see also Lucas v. Chi. Transit Auth., 367 F.3d 714, 726 (7th Cir. 2004) (
11  "[C]onclusory statements, not grounded in specific facts, are not sufficient to avoid summary
12  judgment."); Hansen v. United States, 7 F.3d 137, 138 (9th Cir.1993) ("When the nonmoving
13  party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory
14  allegations unsupported by factual data to create an issue of material fact."); Forsberg v. Pac. Nw.
15  Bell Tel. Co., 840 F.2d 1409, 1419 (9th Cir.1988) ("[P]urely conclusory allegations of alleged
16  discrimination, with no concrete, relevant particulars, will not bar summary judgment.").

17      6.   Similarly, Plaintiff has not established a prima facie case of retaliation.  Assuming
18  the protected activity at issue is Plaintiff's report to the Equal Employment Opportunity
19  Commission ("EEOC"), he has not established a causal link between the EEOC charge and an
20  adverse employment action.  More specifically, Plaintiff has not produced evidence tending to
21  show "that the desire to retaliate was the but-for cause of the challenged employment action."
22  Univ. of Tex. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2528 (2013).  The timing of the EEOC
23  charge in relation to the adverse conduct is not enough to suggest that Delta engaged in retaliation.
24  See Curley v. City of N. Las Vegas, 772 F.3d 629, 634 (9th Cir. 2014) ("It is true that very close
25  temporal proximity between a protected activity and an adverse employment action can be
26  sufficient evidence of a causal link between the two to support a prima facie showing of
27  retaliation."). Plaintiff filed the EEOC charge on December 20, 2011, but by that time had already

United States District Court
Northern District of California

been issued a final warning and been placed on probation.  Moreover, he was not terminated until May, 2012 - several months after the he filed the charge.

6. In any event, Delta has articulated a legitimate, non-discriminatory reason for its conduct.  Here, the undisputed evidence shows that Delta terminated Plaintiff because of reliability and attendance issues.  The evidence also shows these issues persisted even after Plaintiff was given several warnings and reprimands.  And since he did not respond to this motion, Plaintiff has not established that Delta's proffered non-discriminatory reason is a pretext for discrimination or retaliation.  See Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1220 (9th Cir. 1998) (holding that a plaintiff "must produce evidence in addition to that which was sufficient for her prima facie case in order to rebut the defendant's showing" of non-discriminatory purpose).

7. Because the discrimination and retaliation claims fail, any derivative claim for wrongful discharge in violation of public policy, to the extent asserted, also fails.  See Sanders v. Arneson Prods., Inc., 91 F.3d 1351, 1354 (9th Cir. 1996).

Based on the foregoing, the court has determined that Delta is entitled to summary judgment on Plaintiff's Title VII claims, as well as on any derivative wrongful discharge claim. Accordingly, Delta's motion is GRANTED.  Judgment will be entered in favor of Delta.  The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated:  November 5, 2015

EDWARD J. DAVILA
United States District Judge

5
Case No.: 5:14-cv-03600-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT